GEORGE MIDDLETON, PLAINTIFF IN ERROR, v. HARRIET L. DOUGHERTY, DEFENDANT IN ERROR.

A, by her will, gave to her eldest son the interest, for life, of the balance of one-fourth of her estate remaining after deducting from the one-fourth $400, which she had paid for him, and she then gave that balance to his three children, their heirs and assigns, and empowered her executor to settle all her business and put at interest one-fourth of her estate, after deducting the $400, and pay her before-mentioned son the interest for life. The executor renounced, and the heirs-at-law of the testatrix, in the lifetime of the son, concluding that, by the renunciation of the executor, the estate vested in them, made a deed in fee for the land. *Held*, that the son had only a life estate in the one-fourth part, and that his three children had the remainder in fee in that one-fourth, and that only the life estate of the son passed by the deed of the heirs.

Middleton v. Dougherty.

. Error to Camden Circuit.

For the plaintiff in error, *P. L. Voorhees.*

For the defendant in error, *C. V. D. Joline.*

The opinion of the court was delivered by

THE CHANCELLOR. The defendant in error claimed title to the one-fourth of certain land, under a provision in the will of her grandmother, by which the latter gave and bequeathed to her oldest son, the father of the defendant in error, the interest for life of the balance of one-fourth of her entire estate remaining after deducting from the fourth $400, which she had paid for him, and she then gave that balance, on her death, to the defendant in error and two others of her son's children, their heirs and assigns. The son is dead, and so are the last-mentioned two children. They all died after the testatrix's death. The defendant in error inherited the interest of the other two children, in the balance of the fourth above mentioned. By the will, the testatrix appointed William Morrison her executor, to settle all her business and put at interest one-fourth of her estate, after deducting the $400, and pay her before-mentioned son the interest thereof annually, for life. Morrison renounced the executorship. The heirs-at-law of the testatrix, in the lifetime of the son, made a deed in fee for the above-mentioned land (part of the estate), under which the plaintiff in error claimed title. The question is whether that conveyance transferred the title to the interest given to the three children by the will. The ground on which the plaintiff in error claimed that it did, was that the title to it was given by the will to Morrison, and that, on his renunciation, it went to the heirs-at-law of the testatrix. That position is wholly untenable. The title was not, by the will, vested in Morrison, but the son had a life estate in the one-fourth of the land, and the three children the remainder in fee, in that one-fourth. The deed from the heirs-at-law of the testatrix conveyed nothing in the one-fourth in ques-

tion but the life estate of the son. It did not affect the remainder in that fourth. There is no error in the findings of the judge. The judgment, therefore, should be affirmed.

*For affirmance* — THE CHANCELLOR, DIXON, KNAPP, MAGIE, REED, SCUDDER, BROWN, COLE, PATERSON, WHITAKER.   10.

*For reversal* — None.